UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JOSEPH T. TOY, | Case No. 2:14-cv-01721-JCM-PAL |
|---|---|
| Plaintiff, | REPORT OF FINDINGS AND RECOMMENDATION |
| v. | |
| STATE OF NEVADA, et al., | (IFP App – Dkt. #1) |
| Defendants. | |

Plaintiff Joseph T. Toy is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and he submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

**I.    In Forma Pauperis Application (Dkt. #1).**

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

/ / /

the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 679-80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

This is one of 4 applications and attached complaints Plaintiff filed between October 16 and 17, 2014 related to his mother's treatment by state and local authorities. This complaint alleges claims concerning Plaintiff's mother, Mrs. Doris Cecila Toy against the State of Nevada, Clark County, Las Vegas Metropolitan Police Department and unnamed officers and personnel, and the Clark County District Attorney's Office. Although the allegations are difficult to follow, it appears that Plaintiff claims he was arrested and threatened with prosecuted for holding his mother against her will and/or abuse. Plaintiff contends the police's conduct is evidence of a conspiracy against him and his mother, and that the District Attorney's Office was complicit in the scheme, causing Plaintiff's mother's imprisonment and shortened her life. It appears the District Attorney charged Plaintiff with some offense and "threatened to refile" or have Plaintiff arrested if he tried to visit his mother. He alleges he was falsely charged in a conspiracy between the police department and the District Attorneys' Office.

He asserts that his mother and father "received police brutality money" in June of 1984, but he did not although he was also a victim. The lawyer who represented his parents failed to redress his rights, went on to work for the police and no longer takes police brutality cases. He believes his current claims are part of a 30 year multi state history of police brutality.

Plaintiff has not stated a claim upon which relief can be granted. The court concludes that this case is frivolous because the allegations in the complaint lack an arguable basis in law and fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A finding of frivolousness is warranted where the facts alleged are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *see also Ashcroft v. Iqbal*, 556 U.S. at 678. A court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be unlikely; however, a complaint must allege facts "to state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff has not set forth any specific claim in the Complaint, nor has he named any particular defendant, or stated when any of this alleged conduct occurred. Because Plaintiff's Complaint does not set forth a plausible claim, it is recommended that is be dismissed with prejudice.

Leave to amend will not be granted because Plaintiff's claims cannot be cured by the allegation of additional facts. *See Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend should be granted unless amendment would be futile)).

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the Complaint.

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 23rd day of January, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.